IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MELVIN M. HELMS                                                                                   PLAINTIFF

vs.                                            Civil No. 3:10-cv-03100

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Melvin M. Helms ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his disability applications on March 2, 2009.  (Tr. 9, 135-145).  In his applications, Plaintiff alleged he was disabled due to a past heart attack, sudden cardiac death syndrome, and a bad lower back.  (Tr. 186).  Plaintiff alleged an onset date of February 13, 2008.  (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

9). These applications were denied initially and again on reconsideration. (Tr. 77-80).

Thereafter, Plaintiff requested an administrative hearing on his applications. (Tr. 96-100). This hearing request was granted. (Tr. 108-130). An administrative hearing was held on May 25, 2010 in Harrison, Arkansas. (Tr. 35-76). Plaintiff was present and represented by counsel, Rick Spencer, at this hearing. *Id.* Plaintiff, Vocational Expert ("VE") David O'Neil, and three witnesses for Plaintiff testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-two (42) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained a GED. (Tr. 42-43).

On July 12, 2010, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 9-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2012. (Tr. 11, Finding 1). The ALJ determined Plaintiff had engaged in Substantial Gainful Activity ("SGA") during the following periods: May, 2008 to February, 2009. (Tr. 11, Finding 2). Despite his past work, the ALJ still determined there had been a continuous 12-month period during which the claimant did not engage in SGA. (Tr. 11, Finding 3). Thus, the ALJ focused the remainder of his findings on the period when Plaintiff was not engaging in SGA. *Id.*

The ALJ determined Plaintiff had the following severe impairments: myocardial infarction, mood disorder, lumbar spine diskectomy, hypertension, and fibromyalgia. (Tr. 12, Finding 4). The ALJ also determined those impairments, singularly or in combination, did not meet or medically equal the requirements one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings").

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-17, Finding 6). First, the ALJ evaluated Plaintiff's subjective allegations of disabling pain

and found they were not entirely credible. *Id.* Second, based upon this finding, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) where interpersonal contact is incidental to the work performed; where the complexity of tasks is learned and performed by rote, with few variables; where little judgment required; and where required supervision is simple, direct, and concrete. He can occasionally lift/carry 10 pounds, and frequently less. He can sit for 6 hours an can stand/walk for 2 hours. He can occasionally climb, balance, crawl, kneel, stoop, and crawl. However, he must avoid hazards, including unprotected heights and moving machines.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17, Finding 7). The ALJ found Plaintiff's PRW included work as a staff member at a recycling center and as a warehouse manager. *Id.* The ALJ found Plaintiff's RFC precluded him from performing this PRW. *Id.* The ALJ also found, however, that a hypothetical person with Plaintiff's limitations would be able to perform other work existing in significant numbers in the national economy. (Tr. 17-18, Finding 11). Specifically, the ALJ determined such a hypothetical person could perform other work such as a Button and Notion Worker (*i.e.,* Buckle Wire Inserter) with 800,000 such jobs in the national economy and 1,200 such jobs in Arkansas; Fabric Worker (*i.e.,* Cuff Folder) with 500,000 such jobs in the national economy and 800 such jobs in Arkansas; and Electronics Component Worker (*i.e.,* Bond Semiconductor) with 300,000 such jobs in the national economy and 900 such jobs in Arkansas. (Tr. 18). Based upon this finding, the ALJ determined that Plaintiff had not been under a disability, as defined in the Act, from February 13, 2008 through July 12, 2010, the date of the ALJ's decision. (Tr. 18, Finding 12).

On July 26, 2010, Plaintiff requested that the Appeals Council review the ALJ's unfavorable

decision. (Tr. 4). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review the ALJ's disability determination. (Tr. 1-3). On November 5, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 16, 2011. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

2.  **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or

4

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

In his appeal brief, Plaintiff raises the following three arguments for reversal: (A) the ALJ erred in his RFC determination; (B) the ALJ erred in evaluating his subjective complaints; and (C) the ALJ erred in evaluating whether his impairments met the requirements of the Listings. ECF No. 8 at 1-21.  In response, Defendant argues the ALJ's RFC determination is supported by substantial evidence in the record.  ECF No. 9 at 1-17.  Defendant also argues Plaintiff failed to carry his burden

5

of proving his impairments met or equaled the requirements a Listing, and the ALJ's disability determination is properly based upon the VE's responses to the ALJ's hypothetical questions. *Id.* Because the ALJ's RFC determination is not supported by substantial evidence in the record, this Court will only address Plaintiff's first argument for reversal.

Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record. ECF No. 8 at 11-13. Specifically, Plaintiff claims the ALJ erred by failing to fully consider the findings of his treating physicians and by failing to request their opinions as to whether he could even perform sedentary work. *Id.* Upon review of his medical records and the transcript, this Court cannot determine whether Plaintiff's impairments cause him to be unable to perform even sedentary work. Accordingly, the ALJ's RFC determination is not supported by substantial evidence in the record, and this case must be reversed and remanded.

Plaintiff's medical records demonstrate he was hospitalized from February 7-8, 2011 after a heart attack. (Tr. 311-337). On February 12, 2008, Dr. Scott Beau ordered a chest radiograph which revealed no acute cardiopulmonary findings. (Tr. 287). The following day, Dr. Beau implanted a cardioverter defibrillator system, which is similar to a pacemaker. (Tr. 279). Follow-up appointments with cardiologist Dr. Otis Warr in March and May of 2008 and May of 2009 showed continued normal functioning of the device. (Tr. 366-369).

However, on March 24, 2009, Plaintiff was examined by rheumatologist Dr. Ronald Rubio due to problems with chest and back pain continuing since his February of 2008 defibrillator implantation. (Tr. 338-340). He was directed to return in two weeks for a review of his tests and to discuss any further recommendations. *Id.* On April 6, 2009, two weeks later, Plaintiff reported suffering from chronic sternal pain. (Tr. 341). Dr. Rubio's impression was chronic sternal pain and

chest wall pain as well as possible Fibromyalgia. *Id.* Thereafter, on June 17, 2009, Plaintiff had another collapse and loss of consciousness related to his heart condition. (Tr. 397-401). Plaintiff complained of severe chest pain, and he was given the preliminary diagnoses of hypertensive cardiovascular disease (uncontrolled). (Tr. 399).

In his hearing decision, the ALJ based his findings regarding Plaintiff's physical limitations almost entirely upon the opinions of a non-examining, non-treating physician. (Tr. 16). The ALJ gave this assessment "significant weight." *Id.* Indeed, in his RFC determination, the ALJ did not discuss or analyze the findings of Plaintiff's treating physicians or the fact that Plaintiff had been diagnosed with hypertensive cardiovascular disease (uncontrolled) and Fibromyalgia. (Tr. 14-17). The ALJ only made a passive reference to Plaintiff's heart attack: "He suffered a significant cardiac episode in February of 2008 subsequent to which he underwent cardiac catheterization and placement of a defibrillator." (Tr. 14). The ALJ also did not discuss Plaintiff's cardiac episode which occurred *after* the defibrillator was implanted.

Then, instead of summarizing Plaintiff's medical records and reviewing the findings from Plaintiff's physicians as outlined above, the ALJ merely listed the physicians who had examined him:

> The claimant has been treated by Dr. Maxwell G. Cheney; Dr. Scott L. Beau; Dr. Jane Kuzas; Dr. Allen Charles Jackson; Dr. Margo Lockyer; Dr. Timothy C. Paden; Dr. Shelley Warr; Dr. Otis Warr; Dr. Elizabeth S. Cheek; Dr. Ronald Rubio; Dr. Melissa Quevillon; and Dr. John P. Black; among others, at Baxter Regional Medical Center; North Arkansas Rheumatology, PLLC; Cardiovascular Associates of North Central Arkansas; Arkansas Heart Hospital; and Mountain Home Medical Group.

(Tr. 14).

Because the ALJ did not at least summarize and consider the findings from each of these physicians, and instead relied upon the opinions of a non-examining and non-treating physician, his RFC determination is not supported by substantial evidence in the record. *See Cox v. Barnhart,* 345

F.3d 606, 610 (8th Cir. 2003) (holding "[w]e have stated many times that the results of a one-time medical evaluation do not constitute substantial evidence on which the ALJ can permissibly base his opinion."). Accordingly, Plaintiff's case must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and must be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of November, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE