IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MELVIN M. HELMS                                                        PLAINTIFF

vs.                                   Civil No. 3:10-cv-03100

MICHAEL J. ASTRUE                                                      DEFENDANT
Commissioner, Social Security Administration

## ORDER

Pending now before this Court is Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act ("EAJA").  ECF No. 12.  Defendant has responded to this Motion objects to Plaintiff's request for copying charges.  ECF No. 14.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5. Pursuant to this authority, the Court issues this Order.

**1.      Background:**

Melvin M. Helms ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of his request for disability benefits.  ECF No. 1.  On November 8, 2011, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 10-11.

On February 6, 2012, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA.  ECF No. 12.  With this Motion, Plaintiff requests an award of attorney's fees of $1,201.25 (7.75 hours at $155.00 per hour); paralegal fees of $585.00 (7.80 hours at $75.00 per hour); copying charges of $27.00; and postage of $21.85.  *Id.*  Defendant responded to this Motion on February 15, 2012 and only objects to Plaintiff's request for $27.00 in copying charges.  ECF No. 14.

2.      **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was substantially justified.  *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified").  An EAJA application also must be made within thirty days of a final judgment in an action,  *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but  the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.*  Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable

2

government action.  *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour.  *See* 28 U.S.C. § 2412(d)(2)(A).  A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*  A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI").  *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).  *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

3.    **Discussion:**

In the present action, Plaintiff's case was remanded to the SSA.  ECF Nos. 10-11.  Defendant does not contest Plaintiff's claim that he is the prevailing party and does not oppose his application for fees under the EAJA.  ECF No. 14.  The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $1,835.10 under the EAJA.  ECF No. 12.  Plaintiff requests these fees at an hourly rate of $155.00 for attorney work performed in 2010 and 2011.  *Id.*  This hourly rate of $155.00 per attorney hour is authorized by the EAJA as long as the CPI-South index justifies the enhanced rate.  *See* General Order 39.  *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504.  In the present action, Plaintiff's requested rate of $155.00 per hour is authorized by CPI-South index.  Thus, this hourly rate is authorized by the EAJA, and this Court finds Plaintiff is entitled to $155.00 per attorney hour for both the hours worked in 2010 and 2011.

3

Further, this Court has reviewed Plaintiff's request for 7.75 hours of attorney work during 2010 and 2011 and 7.80 hours of paralegal work during 2010 and 2011.  ECF No. 13-12.  Plaintiff has submitted an itemized bill in support of this request.  *Id.*  Defendant has no objections to the hours requested.  ECF No. 14.  Thus, this Court finds they are appropriate and should be approved.

Instead, Defendant objects to Plaintiff's request for $27.00 in copying charges.  *Id.*  It is curious that Defendant has decided to raise this objection since such an objection is only rarely raised.  However, this Court has reviewed Plaintiff's itemized statement and finds Defendant is correct in his claim that Plaintiff should not be awarded copying charges in this case.  In his itemized statement, Plaintiff only stated "Copies 108 @ 25 cents each."  ECF No. 13-12.  Thus, for purposes of this case, Plaintiff has not demonstrated an entitlement to these copying costs of $27.00 because he has not indicated what copying was required in this case.  This is especially true since the documents filed in this case were electronically filed.  Accordingly, Plaintiff is only entitled to an award of $1,808.10.  This award represents attorney's fees of $1,201.25 (7.75 hours at $155.00 per hour); paralegal fees of $585 (7.80 hours at $75.00 per hour); and $21.85 for postage

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Ratliff*.  ECF No. 17.  *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant.  *See Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010).  Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney.  However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4.**     **Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$1,808.10** in attorney's fees pursuant to

4

the EAJA, 28 U.S.C. § 2412.

      **ENTERED** this **21st day of February, 2012.**

                                   /s/   Barry A. Bryant
                                   HON. BARRY A. BRYANT
                                   U.S. MAGISTRATE JUDGE